**WO**                                                                                                    RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR 05-951-PHX-MHM |
| Plaintiff, | ) ) | No. CV 06-1878-PHX-MHM (JCG) |
| v. | ) ) | **ORDER** |
| Felipe Quezada-Damian, | ) ) | |
| Defendant/Movant. | ) ) ) | |

Movant Felipe Quezada-Damian, confined in the Florence Correctional Center in Florence, Arizona, has filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (CR Doc. #30). The Court will summarily dismiss the Motion without prejudice.

**I. Background**

Pursuant to a plea agreement, Movant pleaded guilty to Illegal Re-Entry after Deportation, 8 U.S.C. § 1326(a), with sentencing enhancement pursuant to 8 U.S.C. § 1326(b)(2). On March 27, 2006, the Court sentenced Movant to a prison term of 41 months, with credit for time served, to be followed by 3 years on supervised release.

On August 1, 2006, Movant filed a *pro se* Notice of Appeal (CR Doc. #32). Consequently, there is presently an appeal pending in the Ninth Circuit Court of Appeals.

**II. Dismissal of Motion Without Prejudice**

For reasons of judicial economy, district courts should not consider an application for

writ of habeas corpus when the petitioner has a direct appeal pending in the Court of Appeals or the Supreme Court. United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1996) (citing United States v. Deeb, 944 F.2d 545, 548 (9th Cir. 1991)). "'Except under most unusual circumstances ... no defendant in a federal criminal prosecution is entitled to have a direct appeal and a section 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence.'" Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) (quoting Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970)). See also Rule 5, Rules Governing Section 2255 Proceedings, Advisory Committee Note ("[T]he courts have held that [a § 2255 motion] is inappropriate if the movant is simultaneously appealing the decision."). There are no unusual circumstances that would justify an exception to this rule. Accordingly, the Motion will be dismissed without prejudice.

**IT IS ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. #30 in CR 05-951-PHX-MHM) is **dismissed without prejudice** and that the civil action opened in connection with this Motion (CV 06-1878-PHX-MHM (JCG)) is **dismissed without prejudice**. The Clerk of the Court **must enter** judgment accordingly.

DATED this 15th day of August, 2006.

_____
Mary H. Murguia
United States District Judge